IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT L. VANDERPLOEG, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. H-19-1046 |
| § | |
| GA/SA PARTNERS, LP & § | |
| GA/SA PROPERTIES, LLC, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the court is plaintiff Robert L. Vanderploeg's motion for final default judgment (Dkt. 14) against defendants GA/SA Partners, LP and GA/SA Properties, LLC.

"Before default can be entered, the plaintiff must submit evidence supporting that the defendant has been properly served." *Waraich v. Nat'l Australia Bank Ltd.*, No. CV H-18-4069, 2019 WL 1003625, at *2 (S.D. Tex. Feb. 28, 2019) (Rosenthal, J.) (citations omitted). "Under Federal Rule of Civil Procedure 4(e)(1) & (h)(1)(A), a competent person may serve a foreign or domestic corporation according to the law of the State in which the district court is located." *Hazim v. Schiel & Denver Book Grp.*, No. CIV.A. H-12-1286, 2013 WL 2152109, at *2 (S.D. Tex. May 16, 2013). Texas Rule of Civil Procedure 106 provides two options for service: "in person," or by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a).

Plaintiff claims a "copy of the Complaint and Summons was served on Defendant, GA/SA PARTNERS, LP, by delivering a true copy of said Summons and Complaint to Shukri I. Ganim, Registered Agent, on March 22, 2019 at the address of 2142 W. Main, Houston, TX 77098." Dkt. 14 ¶ 4. However, the proof of service shows that the summons was left with Barshar Dawlett, not

Shukri I. Ganim. Dkt. 8 at 2. Moreover, the proof of service does not reflect service at 2142 W. Main—or any address for that matter—because the proof of service does not state *where* service was effected (*id.*), which is required by Texas law. Tex. R. Civ. P. 107(b)(6) (return must state "the address served"). The proof of service also fails to state "a description of what was served" beyond the summons itself. Tex. R. Civ. P. 107(b)(3). And it fails to indicate the identification number and the expiration date of the process server's certification. Tex. R. Civ. P. 107(b)(10). Indeed, it is not clear from the proof of service whether the person purporting to serve defendant was even authorized to do so in accordance with Texas Rule of Civil Procedure 103.

Plaintiff next claims a "copy of the Complaint and Summons was served on Defendant, GA/SA PROPERTIES, LLC, by delivering a true copy of said Summons and Complaint to Shukri I. Ganim, Registered Agent, on July 19, 2019 at the address of 38 Windemere Lane, Houston, TX 77063." Dkt. 14 ¶ 5. However, the proof of service again fails to state a description of what was served beyond the summons itself. *See* Tex. R. Civ. P. 107(b)(3). Nor does the return "substantially" conform to the statement required by Texas Rule of Civil Procedure 107(e).

Because plaintiff has not submitted evidence supporting that defendant has been properly served, default cannot be entered and therefore plaintiff's motion (Dkt. 14) is **DENIED**.

Signed in Houston, Texas on September 30, 2019.

_____
Gray H. Miller
Senior United States District Judge